Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Melissa Kimari

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Melissa Kimari**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**Direct Recovery Services, LLC**, a limited liability company,<br><br>　　　　Defendant. | Case No.  '17CV2138 BEN AGS<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

### Introduction

1.　Melissa Kimari ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Direct Recovery Services, LLC ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt, causing Plaintiff damages.

2.　For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Defendants transact business in this District and the acts giving rise to this action occurred in this District.

## Parties

6. Plaintiff is a natural person who resides in the County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency and a Minnesota company operating from an address of 629 7th Avenue, Two Harbors, Minnesota 55616, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages

Complaint—2

in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

### Factual Allegations

10. Sometime in or around 2011, Plaintiff incurred a financial obligation to CashNetUSA for a personal loan that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

11. These financial obligations were primarily for personal, family or household purposes, more specifically, personal expenses such as gas and food, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

12. Sometime in 2011, after she obtained the loan, Plaintiff lost her job and fell behind on the payments owed on the debt.

13. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt, the alleged debts were assigned, placed, or otherwise transferred to Defendant for collection.

### *July 2017 Voicemail Message*

14. On or around July 3, 2017, Defendant's agent, Theresa Jameson, called Plaintiff's mother's home telephone and left a voicemail message for Plaintiff. That voicemail message falls within the term "communication" as it is defined by 15 U.S.C § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

15. The voicemail message is transcribed below in its entirety. "This is a confidential message for Kimari Melissa if you are not Kimari Melissa you must hang up now regarding case file one hundred ten million seven hundred thousand five hundred eighty six. Hello this is Theresa Jameson your account has been audited internally and you do need

to call our office immediately before scheduled advancement of your account. This will be your final call. The number is 612 216 1275. We do have authorization off the following below [inaudible word] in settlement on your balance of $631.77. A 50% settlement of $315.89 in one payment. A 65% settlement of $410.65 in three payments of $136.88. An 80% settlement at $505.42 in 12 payments of $42.12. Settlements must be set up within the next two days. Please call 612 216 1275. Again it is important to put a hold on your file today."

16. 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.  Similarly, Cal. Civ. Code § 1788.11(b) prohibits the placing of telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents.

17. In the voicemail message, Defendant fails to identify the name of the agency she represents, therefore leaving no meaningful disclosure of the caller's identity.  Accordingly, Defendant's conduct violates 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b).

18. 15 U.S.C. § 1692e(11) requires a debt collector to identify themselves as a debt collector when communicating with a consumer.  Defendant's voicemail message fails to identify themselves as a debt collector and therefore violates 15 U.S.C. § 1692e(11).

19. Plaintiff never gave Defendant permission to call or leave voicemail messages on her mother's home telephone.

20. Plaintiff and Plaintiff's mother live in separate residences, and maintain separate telephone numbers.

21. Plaintiff's mother listened to the voicemail message and informed Plaintiff of the message.

22. Defendant's voicemail message does not meet any of the requirements listed in 15 U.S.C. § 1692b for communicating with third parties.

23. Accordingly, Defendant's voicemail message they left on Plaintiff's mother's home answering machine was un unauthorized communication with a third party and violated 15 U.S.C. § 1692c(b).

24. The message Defendant left on Plaintiff's mother's answering machine disclosing Plaintiff's highly personal and private financial information to her mother caused Plaintiff embarrassment, anger, frustration, stress and helplessness.

25. Defendant failed to send Plaintiff the disclosures required under 15 U.S.C. § 1692g.

26. Defendant's conduct violated 15 U.S.C. §§ 1692d(6), 1692e(11), 1692c(b), 1692g, and Cal Civ. Code § 1788.11(b).

27. By violating 15 U.S.C. §§ 1692d(6), 1692e(11), 1692c(b), and 1692g, Defendant's conduct also violated Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act**
**15 U.S.C. § 1692 et seq. (FDCPA)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

31. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

33. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §§ 1788.30(a) and 1788.17; statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code §§ 1788.30(b) and 1788.17; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §§ 1788.30(c) and 1788.17 from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

7. an award of actual damages, statutory damages of $1,000.00, and costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.17, from Defendant; and

8. for such other and further relief as may be just and proper.

## Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   October 18, 2017.        Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff